IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 19 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| TOM COLE and FRANCES COLE, For and on behalf of CALLIE COLE<br><br>Plaintiffs<br><br>v.<br><br>GENERAL MOTORS LLC, and Does 1-10<br><br>Defendants | Civil Action No.: 3:17cv390CWR-FKB |

## COMPLAINT
*(Jury Trial Demanded)*

COME NOW Tom Cole and Frances Cole, the natural parents and legal guardians of Callie Cole, and file this Complaint against Defendants, General Motors LLC, ("GM"), and Does 1-10 showing this Honorable Court the following:

### PARTIES

1. Tom Cole and Frances Cole are the natural parents and legal guardians of the person and estate of Callie Cole.

2. Callie Cole is not able to assert this action on her own behalf as she was permanently brain damaged on September 10, 2009.

3. The Chancery Court of Lincoln County, Mississippi entered an Order granting Tom Cole and Frances Cole authority to initiate this action for the benefit of their daughter, Callie Cole. (See *Exhibit A*).

4. Tom Cole, Frances Cole and Callie Cole are all Mississippi residents.

1

5. Defendants Does 1-10 ("Doe Defendants") are fictitious parties who or which caused or contributed to cause the injuries to Callie Cole as set forth herein. The identities of these fictitious party defendants are unknown to plaintiffs but the true identity of Does 1-10 will be substituted by amendment when their identity is ascertained

6. Defendant GM is a Delaware limited liability company with its principal place of business in the State of Michigan.

7. Defendant GM has designated an authorized agent to accept service of process in Mississippi: CSC of Rankin County Inc., Mirror Lake Plaza, 2829 Lakeland Drive; Suite 1502, Flowood, Rankin County, MS.

8. The only member of GM is General Motors Holdings LLC. GM is a citizen of the States of Delaware and Michigan. General Motors Holdings LLC, also a Delaware limited liability company with its principal place of business in the State Michigan, owns 100% of GM. General Motors Holdings, LLC is a citizen of the states of Delaware and Michigan. The only member of General Motors Holdings LLC is General Motors Company. General Motors Company, a Delaware corporation with its principal place of business in Michigan, owns 100% of General Motors Holdings LLC. General Motors Company is a citizen of the states of Delaware and Michigan. Defendant GM and all members of Defendant GM are citizens of the states of Delaware and Michigan.

9. GM was incorporated in 2009 and, effective on July 10, 2009, acquired substantially all assets and assumed certain liabilities of Old GM through a Section 363 sale under Chapter 11 of the U.S. Bankruptcy Code. GM assumed specific liabilities of Old GM and acquired substantially all of Old GM's employees, officers, and management personnel. GM also acquired Old GM's designs, tools, inventory, books, records, and its key contracts, among other

essential assets. Plaintiffs' causes of action are brought against GM, and plaintiffs do not assert any causes of action against Old GM.

10. Under the June 26, 2009 Amended and Restated Master Sale and Purchase Agreement, GM expressly assumed liability for post-sale accidents involving Old GM vehicles causing personal injury.

11. Plaintiff Callie Cole's claims arise from a post-sale crash in an Old GM-manufactured vehicle that caused her injuries.

12. GM is therefore expressly liable to Callie Cole.

### JURISDICTION AND VENUE

13. Pursuant to 28 U.S.C § 1332 this Court has subject matter jurisdiction of this civil action since the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.

14. This Court has personal jurisdiction over GM.

15. GM continuously and systematically advertises its automobiles in the State of Mississippi through radio, television, print, Internet and outdoor advertising.

16. GM continuously and systematically operates in the State of Mississippi through various means, including but not limited to a network of GM dealerships, such as the Rogers-Dabbs Chevrolet dealership in Rankin County, Mississippi that sold the subject 2008 Chevrolet Malibu LS.

17. GM trains technicians, service representatives, and mechanics to work on GM vehicles located in Mississippi.

18. GM certified and trained technicians inspected the subject 2008 Malibu at Rogers-Dabbs Chevrolet in Rankin County, Mississippi before it was sold to the Cole family.

19. GM submitted itself to personal jurisdiction in Mississippi by doing, personally or through its agents, at all times material to this cause of action, the following acts:

    a. Committing a tortious act within Mississippi by selling and delivering defective vehicles, including the 2008 Malibu LS which is the subject of this Complaint, to persons, firms, or corporations in Mississippi via its distributors, dealers, wholesalers, and brokers. Such GM vehicles were used by consumers in Mississippi in the ordinary course of commerce and trade;

    b. Conducting and engaging in substantial business and other activities in Mississippi by selling and servicing GM vehicles and component parts to persons, firms, or corporations in this state via its distributors, wholesalers, dealers, and brokers. Such GM vehicles were used by consumers in Mississippi in the ordinary course of commerce and trade;

    c. The acts or omissions of GM caused injuries to persons, including Callie Cole, in the State of Mississippi. At or about the time of the incident described in this Complaint, GM engaged in solicitation activities in Mississippi to purposefully promote the sale, consumption, and use of GM vehicles, including the 2008 Malibu LS which is the subject of this Complaint;

    d. Selling GM vehicles and component parts, including the 2008 Malibu LS which is the subject of this Complaint, with knowledge or reason to foresee that their GM vehicles would be shipped in interstate commerce and would reach Mississippi users or consumers;

    e. Voluntarily qualifying to conduct business in Mississippi by registering with the Office of the Secretary of State and designating a resident agent for service of process in Rankin County, Mississippi at all times material to this action;

    f. GM is subject to the Mississippi long-arm statute Miss. Code Ann. § 13-3-57 by doing business in Mississippi and by contracting with Mississippi residents, including Plaintiff, and by performing such contracts in part in Mississippi and by committing torts where one or more elements of the tort or one or more of the tortious acts occurred in Mississippi and by recruiting Mississippi residents for employment;

    g. Key elements of the Incident occurred in Mississippi;

    h. GM has purposefully availed itself in Mississippi;

    i. Due process and fair play and substantial justice are honored by this civil action going forward in Mississippi;

    j. There is little or no burden on GM litigating this case in Mississippi;

4

  k. It would be a tremendous burden and great inefficiency and unnecessary delay imposed on Plaintiffs to litigate this case in another forum;

  l. Mississippi has an interest in overseeing this litigation which involves injuries to a Mississippi resident caused by a defective and unreasonably dangerous product sold in Mississippi;

  m. Public policy favors resolution of a Mississippi dispute in a Mississippi court; and

  n. GM's conduct and connection with Mississippi are such that GM should reasonably anticipate being sued in a Mississippi court.

20. GM's affiliations with Mississippi as described herein are so continuous and systematic so as to render GM essentially at home in Mississippi.

21. Venue of this action properly lies in the Southern District of Mississippi pursuant to 28 U.S. Code § 1391 as it is the judicial district in which a substantial part of the events or omissions giving rise to the claim that occurred.

## BACKGROUND FACTS

22. On September 10, 2009, Callie Cole ("Callie"), was injured in an automobile crash caused by defects in her 2008 Chevrolet Malibu LS (VIN: 1G1ZG57B88F190347).

23. Tom and Frances Cole purchased Callie the subject 2008 Chevrolet Malibu LS (VIN 1G1ZG57B88F190347) at Rogers-Dabbs Chevrolet in Rankin County, Mississippi.

24. Callie's 2008 Malibu LS was equipped with numerous safety features. Those safety features included items such as: power steering, airbags (including side curtain airbags on both the driver and passenger side of the vehicle) 4-wheel ABS brakes, and traction control.

25. On September 10, 2009 at approximately 8:24 PM Callie was driving her 2008 Malibu LS along MS-583 on her way home to 984 Enterprise Road in Bogue Chitto, Lincoln County, Mississippi. Callie had played in her school's softball game earlier that afternoon and starred as her team's pitcher.

26. Callie was wearing the Malibu's 3-point lap-and-shoulder belt.

27. Due to defects in the 2008 Malibu LS, it suddenly lost power while Callie was driving home.

28. Callie was unable to maintain control of the 2008 Malibu LS. It veered off of MS-583 and crashed into a Jarraff tree-trimming tractor.

29. This sudden and unexpected power failure in the 2008 Malibu LS resulted in a loss of function to many of the Malibu's vital safety features including the airbags, *none of which deployed in the crash.*

30. Callie suffered traumatic and permanent injuries to her body as a result of defects in the 2008 Malibu LS that caused it to suddenly and without warning lose power, rendering useless many of the Malibu's safety features, and crash.

## CONDITIONS PRECEDENT

31. All conditions precedent to the bringing of these actions have been performed or have been excused.

## TOLLING OF STATUE OF LIMITATIONS

### Fraudulent Concealment

32. Upon information and belief, GM was aware of the unreasonably dangerous defective condition that caused the 2008 Malibu LS to suddenly and without warning lose power during normal driving conditions years before Callie's September 10, 2009 crash, but GM fraudulently concealed its knowledge of the defect. GM has concealed from or failed to notify Plaintiffs and the public of the full and complete nature of the defective condition of the 2008 Malibu LS.

33. GM was under a duty to disclose its full knowledge of the unreasonably dangerous and defective condition that caused the 2008 Malibu LS to suddenly and without warning lose power during normal driving conditions.

34. Any applicable statute of limitation has therefore been tolled by GM's knowledge, active concealment, and denial of the facts alleged herein, which behavior is ongoing.

**Estoppel**

35. GM was and is under a continuous duty to disclose to Plaintiffs and the public the true character, quality, and nature of its vehicles. GM actively concealed the true character, quality and nature of its vehicles and knowingly made misrepresentations about the quality, reliability, characteristics and performance of the vehicles. Plaintiffs reasonably relied upon GM's knowing and affirmative misrepresentations and/or active concealment of these facts. Based on the foregoing, GM is estopped from relying on any statutes of limitation in defense of this action.

**Discovery Rule**

36. The causes of action alleged herein did not accrue until Plaintiffs discovered through media reports about lawsuits and recalls of massive numbers of GM vehicles for defects that caused crashes similar to Callie's crash.

**Disability of Minority**

37. At the time of the crash on September 10, 2009 Callie Cole was a minor.

38. Any applicable statute of limitations were tolled until Callie reached the age of majority.

### RE-ALLEGATION AND INCORPORATION BY REFERENCE

39. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs and allegations of this Complaint as though fully set forth in each of the following Claims for Relief.

### LIABILITY OF GM

### MISSISSIPPI PRODUCT LIABILITY ACT

40. Callie's 2008 Malibu LS is defective pursuant to Miss. Code Ann. § 11-1-63.

41. At the time the subject 2008 Malibu LS left the control of GM it was designed in a defective manner that caused the vehicle to suddenly and without warning lose power during normal driving conditions.

42. The defective condition of the 2008 Malibu LS rendered the product unreasonably dangerous to Callie Cole.

43. The defective and unreasonably dangerous condition of the 2008 Malibu LS proximately caused the damages to Callie Cole for which recovery is sought.

44. At the time the 2008 Malibu LS left the control of GM, GM knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known about the danger that caused the damage to Callie for which recovery is sought.

45. Callie's 2008 Malibu LS failed to function as expected when the vehicle suddenly and without warning lost power on September 10, 2009 during normal driving conditions.

46. During the September 10, 2009 crash, defects in the design of the 2008 Malibu LS led to a sudden loss of power in the vehicle and thereby a loss of functionality of some of the integral safety features of the 2008 Malibu LS.

47. At the time the 2008 Malibu LS left the control of GM there existed a feasible

design alternative that would have to a reasonable probability prevented the 2008 Malibu LS from suddenly losing power while Callie was driving home on September 10, 2009.

48. The feasible design alternative that was available to GM at the time the 2008 Malibu LS left the control of GM would not have impaired the utility, usefulness, practicality or desirability of the 2008 Malibu LS to users or consumers.

49. GM knew or in the exercise of reasonable case should have known about the dangerous defects in the design of the 2008 Malibu LS that caused the vehicle to suddenly and without warning lose power during normal driving conditions such as existed when Callie was driving home on September 10, 2009.

50. GM failed to investigate, retain and analyze prior accident information regarding sudden and unexpected power losses that occurred during normal driving conditions in GM vehicles substantially similar to Callie's 2008 Malibu LS.

51. GM's conduct in releasing the 2008 Malibu LS for sale to the unsuspecting public when it knew, or in the exercise of reasonable care should have known that the vehicle was likely to suddenly and without warning lose power during normal driving conditions showed actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, such as Callie Cole.

52. The defective and unreasonably dangerous condition of the 2008 Malibu LS that caused it to suddenly and without warning lose power on September 10, 2009 when Callie was driving home was never remedied by GM.

53. The defective and unreasonably dangerous condition of Callie's 2008 Malibu LS that caused the vehicle to suddenly and without warning lose power during normal driving conditions was the proximate case of Callie's injuries which makes GM strictly liable.

### BREACH OF EXPRESS AND IMPLIED WARRANTIES

54. Plaintiffs reaffirm and incorporate by reference herein the allegations contained in the foregoing paragraphs.

55. GM designed, manufactured, and sold the 2008 Malibu LS, thereby creating express warranties and implied warranties of merchantability and implied warranty of fitness for a particular and ordinary purpose for which the 2008 Malibu LS was to be used. Further, GM represented that the 2008 Malibu LS that it designed, manufactured, and sold was reasonably safe and was not defective, and would not suddenly lose power during normal driving conditions.

56. Plaintiffs relied upon these express and implied warranties of GM. Contrary to GM's express and implied warranties, GM beached one or more of these warranties, which said breach or breaches, directly and proximately caused Callie's permanent and catastrophic injuries.

### FAILURE TO WARN

57. Plaintiffs reaffirm and incorporate by reference herein all allegations contained in the foregoing paragraphs.

58. Both prior to and subsequent of the sale of the 2008 Malibu LS, GM designed and marketed the vehicle by heavily promoting its supposed safety advantages, yet never provided consumers with warnings about the unreasonably dangerous defects in the 2008 Malibu LS that cause the vehicle to suddenly lose power during normal driving conditions and render useless many of the vehicle's safety features.

59. Such negligent failure to adequately warn directly and proximately caused Callie's permanent and catastrophic injuries.

## NEGLIGENCE

60. Plaintiffs reaffirm and incorporate by reference all allegations contained in the foregoing paragraphs.

61. GM committed acts of omission and commission, which constituted negligence, which negligence was a proximate cause of Callie's permanent and catastrophic injuries.

62. GM had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, and sell the 2008 Malibu LS, in a reasonably safe condition so as not to present an unreasonable danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the 2008 Malibu LS.

63. GM knew or in the exercise of reasonable care should have known that the defectively designed 2008 Malibu LS was prone to suddenly and without warning lose power during normal driving conditions and that this loss of power posed an unreasonably dangerous condition to a driver such as Callie Cole.

64. GM breached its duty of reasonable care by negligently designing, manufacturing, assembling, testing, inspecting, labeling, packaging, failing to warn, distributing, and selling the 2008 Malibu LS when it was not in a reasonably safe condition for foreseeable use, as follows:

   a. Failing to ensure the 2008 Malibu LS would perform as safely as an ordinary consumer would expect it to perform under normal driving conditions;

   b. Failing to provide sufficient warning that the 2008 Malibu LS would suddenly and without warning lose power during normal driving conditions;

   c. Failing to properly test and/or inspect the 2008 Malibu LS to make sure that the vehicle would not suddenly and without warning lose power during normal driving conditions;

  d. Failing to ensure the 2008 Malibu LS was designed, manufactured, tested, distributed in a manner to ensure it was free of defects and would not suddenly and without warning lose power during normal driving conditions;

  e. Failing to ensure 2008 Malibu LS was not unreasonably dangerous and defective;

  f. Failing to warn or adequately warn by using stickers, placards, or other proper documentation, or notice, to alert users regarding the unreasonably dangerous and defective condition of the 2008 Malibu LS that causes it to lose power during normal driving conditions;

  g. Designing, manufacturing, and/or distributing the 2008 Malibu LS which was defective and unreasonably dangerous; and

  h. Failing to recall the 2008 Malibu LS in a timely manner.

65. The negligence described above, inclusive of the conduct, actions and inactions as addressed in the preceding portions of this Complaint as have been specifically incorporated and re-alleged, directly and proximately caused the injuries to Callie Cole, in that the defective and unreasonably dangerous condition of the 2008 Malibu LS directly and in natural and continuous sequence, produced or contributed substantially to Callie's injuries.

66. The conduct GM was not simply negligent, but amounted to intentional misconduct, gross negligence, recklessness, and/or willful and wanton conduct, particularly in light of (a) the protracted period of time over which the defects have existed that cause the 2008 Malibu LS to lose power during normal driving conditions, (b) the long held knowledge of the defects by GM, and (c) the repeated failure by GM to take adequate steps to notify the public or federal regulators of the danger that the 2008 Malibu LS will suddenly and without warning lose power during normal driving conditions.

67. All previously mentioned acts of negligence were a proximate and producing cause of the injuries and damages suffered by Callie. The dangers were reasonably foreseeable or

scientifically discoverable by GM prior to the sale and/or the incident that occurred on September 10, 2009.

## DAMAGES

68. Plaintiffs reaffirm and incorporate by reference all allegations contained in the foregoing paragraphs.

69. The damages sustained by Callie were foreseeable to GM and Does 1-10.

70. Callie is entitled to an award of compensatory and punitive damages from GM and Does 1-10.

71. Callie seeks an award for all damages available to her under Mississippi law, including but not limited to: past, present, and future medical expenses; past, present and future life care needs; past present, and future pain, and suffering; lost wages, and punitive damages.

72. The damages sustained by Callie are a direct and proximate result of the actions of GM and Does 1-10.

## JURY TRIAL

73. Plaintiffs demand a trial by jury on all issues.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Tom and Frances Cole, on behalf of Callie Cole, demand a jury trial and seek an award of damages to be determined by the jury for all damages of whatever kind and type available under Mississippi law, fees (including attorney fees), and costs of whatever kind and type available under Mississippi law against GM and Does 1-10 as a result of the incident described herein. Tom and Frances Cole also request such general and equitable relief as this Court sees fit.

Dated: **19 May 2017**                              Respectfully submitted,

By: *Edward Sanders*
**Edward Sanders**
Mississippi Bar No. 8880
**Sanders Law**
229 Katherine Drive
Flowood, MS 39232
Telephone:    (601) 622-5477
Primary email:es@sanderslaw.us

**Andrew Parker Felix, Esquire**
Florida Bar No. 0685607
Mississippi *pro hac vice* (pending)
**Morgan & Morgan, P.A.**
20 N. Orange Avenue, 16th Floor
Orlando, Florida 32801
Telephone:    (407) 244-3209
Primary email: AFelix@forthepeople.com
Secondary email: KDimeglio@forthepeople.com
*Counsel for Plaintiffs*